## Commonwealth v. Wenzel

*William Morgan,* Assistant District Attorney, for Commonwealth.

*Robert Wenzel, p.p.,* for defendant.

WOLFE, P. J., May 15, 1972.—This case was heard by the court without a jury on a charge against de-

fendant of obstructing an officer in the execution of process or in the performance of his duties as provided by the Criminal Code of June 24, 1939, P. L. 872, sec. 314, as amended, July 11, 1963, P. L. 234, sec. 1, 18 PS §4314.

Most of the facts are not in dispute leading up to the incident. Defendant admittedly was drinking on September 6, 1971, when he called the State Police Barracks and used vile and profane language because they would not investigate an accident in which he was involved that occurred in New York State. Defendant's calls became so numerous and were so harassing and slanderous the police sergeant in charge directed the officer who took the call to arrest defendant. During the period of time the arresting officer was at the magistrate's court, he learned defendant had firearms in his home and defendant made a threat that he was not afraid to use them.

Five officers proceeded to defendant's home, of whom four entered and one remained outside. Defendant ackowledged he observed the officers approaching and, when they entered his home, he acknowledged he inquired, "which one of them was first," meaning thereby to enter into fisticuffs with him. Defendant denied that he raised his arms in a pugilistic position and denied he made any other threatening gesture whatsoever. He did admit he was angry about the accident and the failure of the police to investigate it; he was also drinking and attributed his profanity and threats to both.

The Commonwealth's witnesses, consisting of the arresting officer and the three other officers, testified to the effect defendant not only verbally threatened physical violence but readied himself by taking a fighting position, whereupon the senior officer re-

strained defendant and finally brought him under control by the use of mace and handcuffs.

All of the evidence concludes beyond a reasonable doublt that defendant is guilty. Considering the admitted conduct of defendant leading up to the incident and his lack of a clear knowledge of what transpired, the court can logically conclude defendant not only used threats but also made physical gestures to carry them out.

Defendant asserts that it would have been foolish for him to have attempted any resistance in light of the number of police in his home for his arrest and, nonetheless, he did no physical harm or, in fact, touch or strike any of the officers. The Commonwealth does not disagree with this position and, in fact, the officers testified they were not in fear of their lives; however, they were of the opinion defendant meant and intended to carry out his threats of bodily harm.

The statute is quite clear in this respect that it does not require the Commonwealth to show there was a physical altercation and that resisting arrest would include, in the court's opinion, the making of threats which, in turn, leaves the officers with the opinion defendant is opposing the execution of a legal process, as was done in this case. Resisting or opposing any officer as that language is used in the statute does not require actual physical force.

For the foregoing reasons, the court makes the following:

## ORDER

And now, to wit, May 15, 1972, the court finds defendant guilty as charged and defendant shall appear before the court at its next regular sentence date for sentencing unless post-trial motions are filed sec. leg.